```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SULEYMAN EREN and TUNCAY SINAN,           :
                                          :
                          Plaintiffs,     :
                                          :       **MEMORANDUM AND ORDER**
         -against-                        :       **ADOPTING REPORT AND**
                                          :       **RECOMMENDATION**
GULLUOGLU LLC and ERCAN                   :       15-CV-4083 (DLI)(RER)
KARABEYOGLU,                              :
                                          :
                          Defendants.     :
----------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

On July 10, 2015, Plaintiffs Suleyman Eren ("Eren") and Tucany Sinan ("Sinan") (collectively, "Plaintiffs") initiated this proceeding against Defendants Gulluoglu LLC ("Gulluoglu") and Ercan Karabeyoglu ("Karabeyoglu") (collectively, "Defendants"), and other entities subsequently dropped from the action. *See* Complaint ("Compl."), Dkt. Entry No. 1. Plaintiffs allege that Defendants, Plaintiffs' former employers, failed to provide overtime pay as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and New York Labor Law ("NYLL") § 651. *See* Amended Complaint ("Am. Compl."), Dkt. Entry No. 13. Plaintiffs further allege that Defendants failed to pay spread of hours wages as required under 12 NYCRR § 142-2.4 and violated New York's Wage Theft Prevention Act, NYLL § 195(3). *See Id.*

Defendants moved for summary judgment, asserting that Plaintiffs fall within the creative professional exemption under the FLSA and NYLL. *See* Motion for Summary Judgment ("Motion"), Dkt. Entry No. 33. Plaintiffs opposed the motion. *See* Pl. Mem. of Law in Opp. to Def.'s Mot. for Sum. J. ("Pl. Opp."), Dkt. Entry No. 35.

On April 12, 2017, this Court referred the Defendants' Motion to the Honorable Ramon E. Reyes, U.S. Magistrate Judge for a Report and Recommendation ("R & R"). The magistrate judge

issued his thorough and well reasoned R & R on May 10, 2017. *See* R & R, Dkt. Entry No. 37. The magistrate judge concluded that genuine issues of material fact prevent disposition of this action on summary judgment and that Defendants did not carry their burden in asserting the creative professional exemption to the FLSA, an affirmative defense. *See Id*. Defendants objected to the R & R. *See* Objection to R & R ("Def. Objs."), Dkt. Entry No. 40.

For the reasons set forth below, Defendants' objections are overruled, and the R & R is adopted in its entirety.

## DISCUSSION[1]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, No. 11-CV-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).

---

[1] The Court assumes familiarity with the facts as outlined in the R & R. *See* R & R at 1-3.

Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

### A. DEFENDANTS' OBJECTIONS

Defendants object to the R & R's conclusions that: (1) the tasks Plaintiffs performed for Defendants during the relevant timeframe cannot be considered creative tasks under 29 C.F.R. § 541.302(a); (2) Plaintiffs' primary duties did not encompass creative tasks under 29 C.F.R. § 541.302(a); and (3) the Defendants' defense to the Wage Theft Prevention Act claims must fail. *See* Def. Objs. Because Defendants base their objections on the arguments raised in their Motion, the Court need only review the R & R for clear error.

### B. DEFENDANTS DID NOT MEET THEIR BURDEN IN ASSERTING THE CREATIVE PROFESSIONAL EXEMPTION

The magistrate judge properly concluded, with no clear error, that Defendants did not meet their burden of proving that Plaintiffs fell within the creative professional exemption of the FLSA. Exemptions for the FLSA are to be narrowly construed and the defendant bears the burden of proving that its employees fall within the exemption. R & R at 3. The creative professional exemption applies when "an employee's primary duty [is] the performance of work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor as opposed to routine mental, manual, mechanical or physical work." 29 C.F.R. § 541.302(a).

3

Department of Labor ("DOL") guidance on whether the creative professional exemption applies to chefs states:

> [T]o the extent a chef has a primary duty of work requiring invention, imagination, originality or talent, such as that involved in regularly creating or designing unique dishes and menu items, such chef may be considered an exempt creative professional. . . However, there is a wide variation in duties of chefs, and the creative professional exemption must be applied on a case-by-case basis with particular focus on the creative duties and abilities of the particular chef at issue. The Department intends that the creative professional exemption extend only to truly "original" chefs, such as those who work at five-star or gourmet establishments, whose primary duty requires "invention, imagination, originality, or talent."

*Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees*, 69 FR 22122-01 (2004).

The facts of this case do not comport with DOL's guidance. Defendants did not sell their baklava and other baked goods in "five-star or gourmet establishments," and Plaintiffs, tasked with preparing baklava and other enumerated Turkish baked goods to be sold by third parties, did not have the autonomy to design "unique dishes and menu items."

Defendants urge the Court to ignore the DOL guidance because it is not binding. Instead, Defendants urge a selective reading of the exemption: because the creative professional exemption requires "invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor," Plaintiffs' talent alone should trigger the exemption. Defendants argue that "[u]nder the wording of the, as written, regulation it should not matter if Defendants can show if there was imagination or invention involved with Plaintiff's job, that is not what the standard requires." Def. Objs. at 6.

Defendants' argument fails. The regulatory language makes clear that an employee talented at an unimaginative and unoriginal task does not fall within the exemption. *See* 29 C.F.R. § 541.302(c) ("This requirement generally is not met by a person who is employed as a copyist, as

4

an 'animator' of motion-picture cartoons, or as a retoucher of photographs, since such work is not properly described as creative in character.") As the name of the exemption indicates, the standard is not talent, but creativity.

Thus, although Defendants adequately demonstrate that Plaintiffs were experienced and talented, Defendants do not demonstrate how Plaintiffs' experience and talent were applied to an innovative and imaginative task. Def. Objs. at 3-6. Rather, the record demonstrates that Plaintiffs' responsibilities in preparing baklava, breads, and cakes "required consistency and precision, not innovation and imagination." R & R at 4.

Furthermore, Defendants have pointed to no case, and this Court cannot locate one, in which a court applied the creative professional exemption to a chef or a baker. In fact, as the R & R notes, courts in this District have refused to apply the creative professional exemption to chefs. *See Karropoulos v. Soup du Jour, Ltd.,* 128 F. Supp.3d 518, 537 (E.D.N.Y. 2015); *Garcia v. Pancho Villa's of Huntington Vill., Inc.,* No. CV 09-486 (SJF) (ETB), 2011 WL 1431978, at *3 (E.D.N.Y. Apr. 14, 2011).

"Exemptions from the FLSA's requirements are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Davis v. J.P. Morgan Chase & Co.,* 587 F.3d 529, 531 (2d Cir. 2009). In light of the DOL guidance, case law, and a narrow construction of the creative professional exemption, this Court agrees with the magistrate judge's concern that applying the creative professional exemption to the facts present here "would extend [the exemption] to virtually every chef save those who work with pre-made food." R & R at 5.

### C. DEFENDANTS' OBJECTIONS REGARDING PLAINTIFFS' PRIMARY DUTIES AND THE WAGE THEFT PREVENTION ACT FAIL

In a footnote, Defendants assert that, because Plaintiffs' tasks fall within the creative professional exemption, the R & R's other findings regarding primary duties and the Wage Theft Prevention Act are moot. As this Court adopts the R & R's conclusion that the creative professional exemption does not apply to the facts of this case, the R & R's subsequent findings are not moot. To the extent that Defendants' footnote serves as a renewal of their arguments in their Motion, the R & R is free of clear error and, thus, the magistrate judge adequately rejected those arguments as well.

## CONCLUSION

Upon due consideration and review, as discussed above, and including those portions of the R & R to which the parties did not object, the recommendations contained in the R & R are adopted in their entirety. Accordingly, Defendants' motion for summary judgment is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2017

/s/
DORA L. IRIZARRY
Chief Judge